# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Luis A. Serrano, Jr., | ) | Civil Action No.: 9:21-cv-01787-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden of FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Luis A. Serrano, Jr. ("Petitioner"), proceeding pro se[1] as a federal inmate at FCI-Bennettsville, brought an action as a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The court entered an Order on July 30, 2021, in which Petitioner was warned of pleading deficiencies in his Petition and given an opportunity to file an amended petition. (ECF No. 6.) Petitioner has not filed an amended petition.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On September 13, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court dismiss the Petition in this action without prejudice and without leave to amend. (ECF No. 10.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and dismisses the Petition in this action without prejudice, without leave to amend, and without requiring Respondent to file a return.

---

[1] "Because he is a pro se litigant, P[etitioner]'s pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for P[etitioner]; the court is not required to recognize P[etitioner]'s claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

## I.     BACKGROUND

The Report sets forth the relevant background facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 10 at 1–3.) The court will only reference additional facts that are pertinent to the analysis of the issues before it. On June 14, 2021, Petitioner filed his § 2241 Petition asserting "Denial of [28 U.S.C. §] 2255 Motion" as his sole ground for relief. (ECF No. 1 at 6.) On July 30, 2021, the United States Magistrate Judge issued an Order identifying the deficiencies in the Petition and giving Petitioner an opportunity to file an amended petition to cure the deficiencies. (ECF No. 6.) Petitioner did not file an amended petition.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

In the Report, the Magistrate Judge identifies lack of jurisdiction over the Petition. (ECF No. 10 at 4.) The Report notes that Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255, unless the

motion appears "inadequate or ineffective," then the one exception applies that would allow Petitioner to apply for a writ of habeas corpus under § 2241. (*Id.*) This mechanism has been referred to as the "savings clause" exception, and Petitioner is required to meet certain requirements, for the exception to apply. (*See* ECF No. 10 at 4–5 (citing *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018)).) Petitioner does not meet the requirements and thus, the § 2241 Petition "must be dismissed for lack of jurisdiction." (ECF No. 10 at 4 (citing *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)).)

The Magistrate Judge also recognized the denial of Petitioner's previous § 2255 motion does not entitle Petitioner to challenge his sentence under § 2241. (ECF No. 10 at 5.) The Magistrate Judge noted that to the extent Petitioner is attempting to file another § 2255 motion, his potential remedy may be to seek permission from the United States Court of Appeals for the Third Circuit to file a successive § 2255 petition in the District Court for the Eastern District of Pennsylvania, where he was sentenced. (ECF No. 10 at 6.) Further, even if Petitioner could establish that this court has jurisdiction, Petitioner has presented no facts to show that the sentencing court denied his § 2255 motion as untimely as the sentencing court denied for other reasons. (*Id.* at 3, 6.) Although Petitioner appears to argue that the sentencing court's March 2016 order informed him of an erroneous deadline to file his § 2255 motion, it appears he timely filed his motion. However, the sentencing court on April 4, 2016, corrected any error by amending its March 18, 2016 order prior to the alleged incorrect deadline and prior to Petitioner filing his § 2255 motion. (ECF No. 10 at 6.)

Finally, the Magistrate Judge noted the Third Circuit denied Petitioner's appeal based on a lack of appellate jurisdiction because Petitioner filed his appeal too late, and not based on the time the § 2255 motion was initially filed. (ECF No. 10 at 6.) For these reasons, the court lacks

jurisdiction over Petitioner's § 2241 Petition and, therefore, must dismiss this action.

The Magistrate Judge advised Petitioner of his right to file specific written objections to the Report within fourteen (14) days of the date of service.  (*Id.* at 8 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).)  However, Petitioner did not file any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10), and **DISMISSES WITHOUT PREJUDICE** Luis A. Serrano, Jr.'s Petition for Writ of Habeas Corpus (ECF No. 1), without leave to amend, and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 26, 2021
Columbia, South Carolina